FRED W. JONES, Jr., Judge,
dissenting.
The thrust of this majority opinion on rehearing seems to be that Mrs. Kleinpeter is barred from attacking the judgment of possession because of her “judicial confession” of an erroneous legal proposition. It is further asserted that we erred in the original opinion by construing Cheatham v. City of New Orleans, 378 So.2d 369 (La. 1979) to stand for the legal rule that a judicial confession applies only to allegations of fact in a judicial proceeding.
The court in Cheatham unequivocally stated:
“[I]t is also well settled that a judicial confession is a party’s explicit admission of an adverse factual (emphasis added) element and that it has the effect of waiving evidence as to the subject of the admission...”
The majority then proceeds to find that the “parties were clearly apprised of all the pertinent facts (emphasis added) when the petition was filed,” but erroneously applied the law to those facts, “under which a judicial confession cannot be revoked.”
What the majority appears to be saying is that Mrs. Kleinpeter did not confess facts but embraced an erroneous understanding of the law which she cannot now disavow. This reasoning is not consistent with the function of “judicial confession” as enunciated in Article 2291. For example, why should the last sentence of that article provide that the judicial confession “can not be revoked on a pretense of an error in law” if what is being “confessed,” as asserted by the majority, is in itself an erroneous legal conclusion?
To compound the confusion, the majority opinion then proceeds to cite cases dealing primarily with estoppel to support its position on judicial confessions. Even if apposite, those cases essentially involved allegations of facts adverse to plaintiffs which resulted in a different method of distribution of property under the law then if the facts had been correctly stated.
Remaining convinced that the original opinion of this court correctly disposes of the issues presented by this appeal, I respectfully dissent.